FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

16 APR 20 AM 11: 16

CLERK... DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

DIVINE PURSE COMPANY, LLC
d/b/a PACKIN' NEAT

    Plaintiff,

vs.

SHEPAX, INC.,

    Defendant.
_____/

Case No.:

2:16-CV-291-FtM-99MRM

## COMPLAINT

COMES NOW Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT (hereinafter referred to as "PACKIN' NEAT"), by and through undersigned counsel, and sues Defendant, SHEPAX, INC., (hereinafter referred to as "SHEPAX"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for equitable relief and damages in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

2. This is an action for patent infringement and false patent marking arising under the patent laws of the United States, Title 35 of the United States Code Annotated.

3. This Court has jurisdiction over the claims asserted herein at least under 28 U.S.C.A. § 1338, and venue is proper under 28 U.S.C. § 1400(b), and/or under 28 U.S.C. § 1391.

4. This Court has personal jurisdiction over SHEPAX under Fla. Stat. § 48.193(1), at least by way of SHEPAX committing tortious acts within this State of Florida, and/or by engaging in substantial and not isolated business activity within this State of Florida.

5. Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT (hereinafter referred to as "PACKIN' NEAT") is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Lee County, Florida, and within the Middle District of Florida.

6. Defendant, SHEPAX, INC., (hereinafter referred to as "SHEPAX"), is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Rockwall County, Texas.

## FACTUAL BACKGROUND

7. In January of 2013, individual, KRISTEN ZEH-FRANKE, formed PACKIN' NEAT in Florida, as its principal officer. PACKIN' NEAT is in the business of selling organizers for purses, handbags, and small luggage, with integral concealed holsters for carrying firearms.

8. On February 23, 2016, United States Letters Patent No. 9,265,319 B1, entitled "PURSE AND HANDBAG ORGANIZER WITH INTEGRAL FIREARM HOLSTER," were duly and legally issued to said individual, KRISTEN ZEH-FRANKE, by the United States Patent and Trademark Office (hereinafter referred to as the "PATENT"), a true and correct copy of which is attached hereto, and incorporated herein, as *Exhibit A.*

9. PACKIN' NEAT, is the current exclusive owner and holder of rights in the PATENT sufficient to bring this action. PACKIN' NEAT publishes the existence and protections of the PATENT generally, and specifically in connection with the sale of PACKIN' NEAT's patented products.

10. The PATENT includes the following independent claims:

> 1. An organizer device for holding and concealing a firearm within a main interior compartment of a bag, said organizer device comprising:

  a bag insert for being received by and fitting within the main compartment of the bag, said bag insert including
  a peripheral wall that surrounds a main receptacle of said bag insert;
  a holster attached to said peripheral wall of said bag insert, said holster having an interior chamber for receiving the firearm; and
  a holster pouch removably received in said holster chamber and having an interior space for holding the firearm and being configured for generally conforming to a peripheral shape of at least a portion of the firearm such that movement of the firearm within said holster pouch is constrained.

13. An assembly including a firearm and an organizer for holding and concealing the firearm within a main compartment of a carrying bag, said assembly comprising:
  a firearm;
  a bag insert for being received by and fitting within the main compartment of the carrying bag, said bag insert including a peripheral wall that surrounds a main receptacle of said bag insert;
  a holster attached to said peripheral wall of said bag insert, said holster having an interior holster chamber and a closure for selectively closing and opening said holster chamber; and
  a holster pouch removably inserted and supported within said holster chamber, said holster pouch having an interior space for receiving the firearm to be held therein, said interior space being configured to generally conform to at least a portion of a peripheral shape of the firearm, whereby movement of the firearm within said interior of said holster pouch is constrained.

14. An integrated carrying bag, bag insert and firearm holster assembly comprising:
a carrying bag having a main interior compartment for receiving, holding, transporting items;
an organizer device for holding and concealing a firearm within said main interior compartment of said carrying bag, said organizer device comprising a bag insert for being received by and fitting within the main compartment of carrying bag, said bag insert including a peripheral wall that surrounds a main receptacle of said bag insert, and a holster attached to said peripheral wall of said bag insert, said holster having an interior holster chamber for receiving a firearm; and a holster pouch removably inserted and supported within said holster chamber, said holster pouch having an interior space configured to generally conform to at least a portion of a peripheral shape of the firearm, whereby movement of the firearm within said interior space of said holster pouch is constrained.

11. In, or around, October of 2014, upon information and belief SHEPAX was formed in Nevada.

12. In March of 2016, SHEPAX reported and published the following statements: "ShePax, Inc is pleased to announce the launch of ShePax™ inserts, the new patent-protected conceal carry purse insert. Nestled inside a woman's favorite purse, gym bag, or thicker briefcase, instantly transforming it into the perfect concealed carry tote." SHEPAX further published and publishes that SHEPAX offers what it falsely marks as "patent protected" products in numerous instances, and by various mediums. SHEPAX further generally offers products intended to "Turn [a] Hand Bag into a Conceal Carry Hand Bag" in the same manner, and by the same devices, means, and methods, as the PATENT.

13. SHEPAX's products offered for sale, including but not limited to those depicted on the attached *Exhibit B*, infringe upon the independent claims of the PATENT, as well as certain or all of the dependent claims.

14. SHEPAX holds no identifiable or discernible patent in any product that would allow SHEPAX to publish that any product offered by SHEPAX is actually subject to the protection of an issued patent under U.S. patent laws. The formal status of a patent application filed by SHEPAX or its agents, if any, is unknown to PACKIN' NEAT.

15. SHEPAX has operated and operates a fully interactive commercial website accessible in the State of Florida, and in this Middle District of Florida, which allows for exchange of consumer information and full consummation of purchase transactions of SHEPAX products at, without limitation, www.shepax.com. Further, SHEPAX publishes and falsely marks its products as "patent protected" by and through media accessible in this State of Florida,

and in this Middle District of Florida, by way of internet websites, including without limitation, www.shepax.com, www.facebook.com, www.youtube.com, and www.instagram.com.

16. SHEPAX advertises its products through, and in conjunction with, the online and print publications of the United States Conceal Carry Association (hereinafter the "USCCA"), circulated to thousands of subscribers throughout the United States, in the State of Florida, and within the Middle District of Florida, such as, for example and without limitation, "Concealed Carry Magazine" and through affiliated websites, which, *inter alia*, promote trade shows that SHEPAX sponsors and attends. SHEPAX and PACKIN' NEAT both sponsor and promote their respective products through and by way of the USSCA, such that SHEPAX is aware of the existence of the patented products offered by PACKIN' NEAT.

17. PACKIN' NEAT has retained undersigned counsel to represent PACKIN' NEAT in this action, and is obliged to pay undersigned counsel reasonable attorneys' fees incurred in connection herewith.

18. Any conditions precedent to the bringing of this cause have occurred, have been satisfied, or have otherwise been waived.

### COUNT I - PATENT INFRINGEMENT

19. Plaintiff repeats and realleges Paragraphs 1 through 18 above as if fully set forth herein.

20. This count sets forth an action for patent infringement pursuant to 35 U.S.C. § 271.

21. SHEPAX has infringed, and is infringing, the PATENT by making, using and/or selling infringing products and/or methods of fabrication throughout the United States and

specifically in the State of Florida, and SHEPAX may continue such infringement unless enjoined by this Honorable Court.

22. As a direct result of SHEPAX's acts of infringement, PACKIN' NEAT has been, is being, and will be damaged.

WHEREFORE, Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT prays for:

A. A finding by this Honorable Court that SHEPAX, INC., has infringed United States Letters Patent No. 9,265,319 B1;

B. An award against Defendant, SHEPAX, INC., of the damages suffered by Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT, as a result of the acts of infringement, and with prejudgment interest thereon;

C. An order enjoining Defendant, SHEPAX, INC., and its officers, shareholders, members, agents, servants, employees and attorneys and all other persons acting in concert or in participation with Defendant, SHEPAX, INC., from infringing Plaintiff's United States Letters Patent No. No. 9,265,319 B1;

D. An injunction restraining Defendant, SHEPAX, INC., from infringing United States Letters Patent No. 9,265,319 B1;

E. An award of attorney's fees, costs and expenses in this action; and/or

F. Such other and further relief as this Honorable Court may deem just.

## COUNT II – FALSE PATENT MARKING

23. Plaintiff repeats and realleges Paragraphs 1 through 18 above as if fully set forth herein.

24. This count sets forth an action for false patent marking pursuant to 35 U.S.C. § 292.

25. SHEPAX has expressly and falsely marked and marketed its products referenced above and herein as "patent protected."

26. In or around February of 2016, SHEPAX published and publishes that it apparently submitted a non-descript patent application to the United States Patent and Trademark Office, such that SHEPAX is aware that its products are not actually patented.

27. PACKIN' NEAT has been, is being, and will be damaged by SHEPAX's continued false marking of SHEPAX's products as patented.

28. SHEPAX has expressly and falsely marked and marketed its products referenced above and herein as "patent protected" with the intent to deceive the consuming public.

WHEREFORE, Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT, pursuant to 35 U.S.C. § 292, prays for:

A. Judgment that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

B. An accounting of the number, and sales of any falsely marked articles, and revenue resulting therefrom;

C. A judgment in favor of Plaintiff, DIVINE PURSE COMPANY, LLC, d/b/a PACKIN' NEAT based upon the products falsely marked in violation of 35 U.S.C. § 292(a)-(b), in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court;

D. An award of attorney's fees, costs and expenses in this action; and/or

E. Such other and further relief as this Honorable Court may deem just.

REPECTFULLY SUBMITTED on this 18th day of April, 2016.

        SCHAPS & DEES, P.A.

*/s/ Kevin Dees*

KEVIN L. DEES, ESQ.
Florida Bar No: 0015959
kdees@schapsdees.com
SCHAPS & DEES, P.A.
1228 East 7th Ave.
Tampa, FL 33605
PH: 813•321•8277
FX: 813•283•4908
Counsel for Plaintiff