UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIVINE PURSE COMPANY, LLC,

       Plaintiff,

v.                                                    Case No:  2:16-cv-291-FtM-CM

SHEPAX, INC. and KEEN LIGHT
INDUSTRIES, LTD.,

       Defendants.

_____

## ORDER

    This matter comes before the Court upon review of Plaintiff's and Non-Party, Sticky Holsters, Inc.'s Joint Motion to Quash or Limit Subpoena Served by Defendant, Shepax, Inc. ("Shepax") (Doc. 33) and Shepax's Motion to Stay Proceedings to Allow an Ex Parte Reexamination or, in the Alternative, for Early Summary Judgment on Validity (Doc. 54).   Shepax opposes Plaintiff's motion to quash a subpoena (Doc. 33), and Plaintiff partially opposes Shepax's motion to stay (Doc. 54).   Docs. 38, 62.

### I.    Background

    On April 20, 2016, Plaintiff Divine Purse Company, LLC filed a Complaint against Shepax.   Doc. 1.   With leave of Court, Plaintiff filed an Amended Complaint and Demand for Jury Trial ("Amended Complaint") against Shepax and Keen Light Industries, Ltd. ("Keen Light") (collectively "Defendants") on September 2, 2016. Doc. 49.   Plaintiff is a Florida corporation that sells inserts or organizers for purses, handbags, and small luggage, with integral concealed holsters for carrying firearms.

*Id.* ¶ 9.   Plaintiff alleges that the United States Patent and Trademark Office ("PTO") issued United States Letters Patent No. 9,265,319 B1, titled as "PURSE AND HANDBAG ORGANIZER WITH INTEGRAL FIREARM HOLSTER" (the "Patent"), to Plaintiff's principal officer, Kristen Zeh-Franke ("Zeh-Franke").   *Id.* ¶ 10. Plaintiff states that it currently is the exclusive holder of the Patent.   *Id.* ¶ 11. Plaintiff alleges that the Patent includes independent claims such as an organizer device for holding and concealing a firearm within a main interior compartment of the organizer device.   *Id.* ¶ 12.

According to Plaintiff, Shepax makes and sells products that directly infringe upon the Patent's claims.   *Id.* ¶ 14.   Plaintiff alleges that Shepax owns and operates a commercial website through which Shepax advertises and sells its products.   *Id.* ¶ 24.   Plaintiff argues that Shepax delivered handbag organizer inserts, which are made for use with firearms, to Keen Light, a Chinese manufacturer of apparel and textile products.   *Id.* ¶ 16.   Plaintiff asserts that Keen Light imported and sold Shepax's handbag organizer inserts to other parties in the United States.   *Id.* Plaintiff claims that the handbag organizer inserts purchased and sold by Shepax and imported and sold by Keen Light contain all elements of the Patent's claims when used with a firearm.   *Id.* ¶ 17.

Plaintiff alleges that in March 2016, despite having no patent, Shepax announced the launch of its new patent-protected conceal carry purse insert.   *Id.* ¶ 18.   Plaintiff argues that although it notified Defendants of their patent infringement, Defendants did not stop producing and selling handbag organizer

inserts.   *Id.* ¶¶ 20-22.   Based on the above allegations, Plaintiff brings claims for patent infringement and false patent marking against Shepax and patent infringement against Keen Light.   *Id.* ¶¶ 28-43.

On June 30, 2016, Shepax filed an Answer, Affirmative Defenses, and First Amended Counter-Claim to Complaint ("Amended Answer").[1]   Doc. 23.   Shepax alleges counterclaims for patent invalidity and unenforceability against Plaintiff. *Id.* at 9.   Shepax argues that when Plaintiff filed and applied for the Patent, several products that incorporated all of the Patent's claims were widely known and commercially available.   *Id.* at 10.   Shepax asserts that the Patent is invalid or unenforceable because prior art makes the Patent's claims obvious, and Zeh-Franke prevented the PTO from publishing her application for the Patent and did not inform the PTO of other existing products when her application was pending.   *Id.* at 16-17. As a result, Shepax seeks declaratory judgment for its non-infringement of the Patent and the Patent's invalidity and unenforceability.   *Id.* at 17-21.

On June 8, 2016, Plaintiff filed a motion for a preliminary injunction, which United States Magistrate Judge Mac R. McCoy denied as moot because Plaintiff filed the Amended Complaint.   Docs. 12, 50.   On June 20, 2016, Plaintiff moved to dismiss Shepax's counterclaims, which Judge McCoy denied as moot because Shepax filed the Amended Answer.   Docs. 21, 37.   On August 11, 2016, the parties consented to the jurisdiction of the United States Magistrate Judge.   Doc. 35.

---

[1] On May 25, 2016, Shepax filed an Answer, Affirmative Defenses, and Counterclaim to Complaint.   Doc. 11.

On September 6, 2016, Judge McCoy held a Preliminary Pretrial and Status Conference during which the parties' counsel were present.   Doc. 50 at 1.   Judge McCoy found that the parties' Case Management Report (Doc. 30) was no longer tenable, and decided to delay entering a Case Management and Scheduling Order ("CMSO") pending further developments in this case.   *Id.*   During the conference, Shepax requested that the Court allow the parties to file early dispositive motions on the Patent's validity or stay the case to seek the PTO's reexamination of the Patent. *Id.* at 1-2.   Because Plaintiff objected to both requests, Judge McCoy ordered Shepax to file an appropriate written motion on or before September 28, 2016.   *Id.* at 2.

On October 9, 2016, Plaintiff's counsel sought the Court's leave to withdraw as counsel of record for Plaintiff due to a conflict of interest.   Doc. 58.   Shepax opposed the counsel's motion to withdraw, but Judge McCoy granted the motion to withdraw and stayed the case for thirty days to allow Plaintiff to retain counsel.   Doc. 64 at 2-3.   Plaintiff obtained one extension of time to secure counsel, and its new counsel filed notices of appearance on January 19, 2017.   Docs. 67, 70, 71.   On January 24, 2017, Judge McCoy recused himself from this case, and this case was reassigned to the undersigned.   Docs. 72, 73.

## II.   Shepax's Motion to Stay Proceedings to Allow Ex Parte Reexamination or, in the Alternative, for Early Summary Judgment on Validity (Doc. 54)

Shepax seeks to file an early summary judgment motion because Shepax argues that prior art, a purse named Raven, existed as early as September 2009 and possibly invalidates the Patent.   Doc. 54 at 5.   Shepax also contends that the

Court's resolution of an early summary judgment motion would save the Court's and the parties' resources.   *Id.* at 16-17.   Shepax argues that it raised the counterclaim for invalidity early in this matter, and this matter still is in the early stage of the proceedings because Plaintiff has not conducted any discovery.   *Id.* at 5.   Shepax claims that the parties need not conduct any discovery to address the Patent's validity in this matter.   *Id.* at 15.   Furthermore, Shepax argues that this matter involves only approximately $20,000.   *Id.* at 16.

Plaintiff does not oppose Shepax's request to file an early summary judgment motion.   Doc. 62 at 5-7.   Specifically, Plaintiff relies on Rule 56(b) of the Federal Rules of Civil Procedure that states, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."   *Id.* at 5; Fed. R. Civ. P. 56(b). Plaintiff, however, seeks to secure an expert opinion on the issue of invalidity before it has to respond to Shepax's summary judgment motion, if Shepax files any.   Doc. 62 at 6.   Because Plaintiff does not oppose the requested relief and this matter does not have any CMSO, the Court finds that Rule 56(b) permits Shepax to file an early summary judgment motion.   Doc. 62 at 6; Fed. R. Civ. P. 56(b).

Alternatively, Shepax seeks to stay these proceedings in order to seek the PTO's *ex parte* reexamination of the Patent.   Doc. 54.   Plaintiff opposes staying the proceedings.   Doc. 62 at 1-5.   Although Rule 56(b) allows Shepax to file an early summary judgment motion, the Court believes that the better approach to address the parties' dispute over the Patent's validity is to allow the PTO's reexamination of

the Patent by staying the proceedings for the reasons discussed below.   The PTO's reexamination of the Patent may "eliminate trial of the patent validity issue," and "facilitate trial of the issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."   *Southeastern Metals Manufacturing Co., Inc., v. Millennium Metals, Inc.*, No. 3:11-cv-1058-J-20JBT, 2012 WL 983767, at *1 (M.D. Fla. Mar. 21, 2012).

"An individual may petition the [PTO] for reexamination of any claim of a patent if they believe prior art poses a substantial new question of patentability." *Peschke Map Techs., LLC v. Miromar Dev. Corps.*, No. 2:15-cv-173-FtM-38MRM, 2015 WL 6501131, at *1 (M.D. Fla. Oct. 20, 2015).   If the PTO determines that a patent was defectively examined and erroneously granted, the PTO may invalidate and remove the patent.   *Id.*

The "sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for examination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office."   *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985), *modified,* 771 F.2d 480 (Fed. Cir. 1985)).   The court conducts a three-part inquiry to determine whether a stay is appropriate.   *Peschke*, 2015 WL 6501131, at *1.   The factors considered are:  (1) "whether a stay would unduly prejudice or tactically disadvantage the opposing party," (2) "whether waiting for the results of the reexamination proceedings

would simplify the issues and streamline the trial," and (3) "whether a stay would lessen the burden of litigation on itself and the parties." *Id.*

>    a. *Whether a stay would unduly prejudice or tactically disadvantage the opposing party*

Shepax argues that a stay would not unduly prejudice or tactically disadvantage Plaintiff.   Doc. 54 at 19-20.   Shepax claims that the stay would not impose an indefinite delay of this case because the reexamination may be completed by mid-2017.[2]   *Id.* at 19.   Shepax also asserts that Plaintiff will be compensated for the delay caused by the stay if the case goes forward because Plaintiff is seeking only a monetary damage, and Plaintiff's monetary damage will accrue during the stay. *Id.* at 19-20.

In response, Plaintiff claims that the parties are direct competitors, and the stay would allow Shepax intrude upon Plaintiff's market share.   Doc. 62 at 4. Plaintiff argues that the parties advertise their goods through the identical marketing channels and events.   *Id.* at 5.   Plaintiff also asserts that given that both Plaintiff and Shepax are small-sized companies, the stay would adversely impact their businesses.   *Id.*

The Court finds that a number of factors favors Shepax's argument.   First, as both Plaintiff and Shepax concede, this case still is in its early stage because the

---

[2] The suggested completion date is based on Shepax's projection when Shepax filed the present motion on September 28, 2016.   Doc. 54 at 19.   Shepax explains that the PTO must decide whether to grant or deny a request for reexamination within three months of the filing of the request.   *Id.* at 11.   Shepax argues that once the PTO grants the request for reexamination, a patent examiner familiar with the technology at issue proceeds with the reexamination.   *Id.*

parties have not conducted any depositions or expert discovery, and the Court has not entered a CMSO.   Docs. 50 at 1, 54 at 17-18, 62 at 2.   This matter also does not have a tenable Case Management Report.   Doc. 50; *Bexa Corp. v. Forhealth Techs., Inc.*, No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, at *2 (M.D. Fla. May 5, 2006) (holding that the case being its early stages weighed in favor of granting a stay).

Moreover, Plaintiff's argument that Shepax's continued sale will intrude on its market share is belied by the fact that Plaintiff has not moved for a preliminary injunction after Judge McCoy denied as moot its motion for a preliminary injunction. Docs. 12, 50.   In fact, since Shepax filed the present motion to stay the proceedings on September 28, 2016, Plaintiff had six months to seek a preliminary injunction and chose not to do so.   Doc. 54; *Bexa*, 2006 WL 4756455, at *2 (noting that the non-moving party did not seek a preliminary injunction "although that remedy would preserve its interests against infringement which may exert market effects during the course of litigation"); *Yogitoes, LLC v. We Are Yoga, Inc.*, No. 6:14-cv-2040-Orl-41KRS, 2015 WL 12838991, at *2 (M.D. Fla. Nov. 10, 2015).

In addition, Plaintiff does not establish the impact of Shepax's continued competition with Plaintiff on its business.   Doc. 62 at 4-5.   Plaintiff does not provide sufficient information, such as the size of the market, for the Court to evaluate the impact of Shepax's sale on its business.   *Bexa*, 2006 WL 4756455, at *2; *see Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095, at *2 (M.D. Fla. July 29, 2009) (finding that the conclusory argument of being direct competitors in the market was insufficient to establish undue prejudice);

*Southeastern*, 2012 WL 983767, at *2    Instead, Shepax argues that the damage involved in this matter is only approximately $20,000, casting a doubt that Shepax's continued sale would intrude significantly upon Plaintiff's business during the stay. Doc. 54 at 16.   Plaintiff also may recover the economic loss that it suffered during the stay if a jury finds Defendants infringed upon the Patent, remedying any potential prejudice.   *Peschke*, 2015 WL 65011131, *2.   As a result, the Court finds that the stay would not unduly prejudice or tactically disadvantage Plaintiff.

   *b.  Whether waiting for the results of the reexamination proceedings would simplify the issues and streamline the trial*

   According to Shepax, there is a significant likelihood that the PTO's *ex parte* reexamination will dispose of the matter.   Doc. 54 at 18.   Shepax argues that all of the Patent's claims have to be asserted during the reexamination proceedings, and the Patent Trial and Appeal Board grants an *ex parte* reexamination only when it identifies a reasonable likelihood of overturning some patent claims.   *Id.*

   Plaintiff responds that the *ex parte* reexamination proceedings will not simplify the issues or streamline the trial because the outcome of an *ex parte* reexamination has no preclusive or estoppel effect.   Doc. 62 at 3.   Due to lack of preclusive effect, Plaintiff argues that it still can re-litigate the exact same issues before this Court.   *Id.*   In support, Plaintiff relies on *eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc.*, No. 8:10-cv-1531-T-33AEP, 2011 WL 280942, at 2-3 (M.D. Fla. Jan. 26, 2011).

   Here, unlike *eCOMSYSTEMS* that involved five patents-in-suit, this case involves only one patent-in-suit.   Doc. 49 at 2-3.   Shepax also raised two grounds

for the Patent's invalidity, one of which is Zeh-Franke's lack of candor to the PTO for not disclosing prior art.[3]   Doc. 23 at 19-21.   Hence, "there is a significant probability that a good portion of the proceedings before this Court and the [PTO] will overlap." *Bexa*, 2006 WL 4756455, at *3.   Furthermore, the outcome of the PTO's reexamination could at least narrow the Patent claims, if not resolve one ground for the Patent's invalidity.   *Peschke*, 2015 WL 65011131, *2.   The impact of the reexamination's outcome also may be drastic, as it could result in the dismissal of this action or prevent Plaintiff from recovering damages for action taken before the amendment.   *Id.*; Doc. 54 at 18-19.   In addition, although Plaintiff may re-litigate the same exact issue before this Court, "at minimum, trial will be facilitated by the availability of the PTO's expert views."   *Southeastern*, 2012 WL 983767, at *2.   The issue of Patent's validity "is unquestionably better suited for the [PTO], who has substantial expertise in this field."   *Peschke*, 2015 WL 65011131, *2.   Based on the above analysis, the Court finds that waiting for the reexamination proceedings would simplify the issues and streamline the trial.

> c.   *Whether a stay would lessen the burden of litigation on itself and the parties*

Shepax argues that this case would lessen the burden of litigation on the parties and the Court because as noted, this case has no CMSO, and the parties have not conducted any depositions or expert discovery.   Doc. 54 at 17-18.   Plaintiff does not contest Shepax's argument, noting that discovery only recently began, and trial

---

[3] Shepax alleges two grounds for the Patent's invalidity: the Patent's anticipation or obviousness and Zeh-Franke's breach of duty of candor.   Doc. 23 at 18-21.

has not been scheduled.   Doc. 62 at 2.   Furthermore, Shepax asserts that although this matter involves the revenue of approximately $20,000, the Court bears the heavy burden of resolving complex questions regarding Keen Light's personal jurisdiction, if it proceeds with this litigation.   Doc. 54 at 16.

Here, the parties do not allege that they have filed a petition for the PTO's reexamination of the Patent, although Shepax filed the present motion on September 28, 2016.   Docs. 54, 62; *Lentek Int'l*, 169 F. Supp. 2d at 1363 ("Unquestionably, it would have been better had the reexamination petition had been filed earlier."). Nonetheless, the Court finds that a stay would lessen the burden of litigation because any change to the Patent caused by the PTO's reexamination "could either result in inconsistent rulings or would consume considerable resources in revising prior rulings."   *Yogitoes*, 2015 WL 12838991, at \*3.   "[A] stay will [] preserve judicial resources and the cost of litigation to the parties by allowing the [PTO] to fully address potential claim limitations."   *Alps S. LLC v. Ohio Willow Wood Co.*, No. 8:09-CV-386-T-EAK, 2011 WL 899627, \*2 (M.D. Fla. Mar. 15, 2011); *Peschke*, 2015 WL 65011131, \*3.   Furthermore, staying discovery during the PTO's reexamination could reduce discovery costs for the parties and motions practice before this Court when this matter proceeds.   *Peschke*, 2015 WL 65011131, \*3.   As a result, the Court finds that staying these proceedings during the PTO's reexamination of the Patent is appropriate.

### III.   Plaintiff's and Non-Party, Sticky Holsters, Inc.'s Joint Motion to Quash or Limit Subpoena Served by Shepax (Doc. 33)

Plaintiff alleges that Sticky Holster, Inc. ("Sticky") is a non-party manufacturer and seller of holsters for hand-held personal electronic devices and firearms to be carried on or near a given user's person.   Doc. 33 at 3.   Plaintiff states that Sticky also sells an accessory called the "Travel Mount," a mountable holster for another holster, for use with its holster products.   *Id.*   Plaintiff argues that Shepax served a subpoena for production of certain documents to Michael J. Christoff a/k/a Mike "Sticky" on July 25, 2016 because it suspected that Sticky's Travel Mount is prior art.   *Id.* at 5; Doc. 33-3.   Hence, Plaintiff filed the present motion to quash or limit Shepax's subpoena served to Sticky.   Doc. 33.   Shepax opposes the motion. Doc. 38.   Judge McCoy held the compliance with Shepax's subpoena in abeyance pending the resolution of Plaintiff's motion to quash.   Doc. 34.

In light of the Court's decision to stay the proceedings, and the potential impact of the PTO's reexamination on the scope of discovery in this matter, the Court will quash Shepax's subpoena and deny without prejudice Plaintiff's motion to quash.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendant Shepax, Inc.'s Motion to Stay Proceedings to Allow an Ex Parte Reexamination or, in the Alternative, for Early Summary Judgment on Validity (Doc. 54) is **GRANTED in part and DENIED in part**.

2.      This action is **STAYED** pending the results of the United States Patent and Trademark Office's reexamination proceedings related to **United States Patent No. 9,265,319 B1**.

3.      The parties shall provide the Court with status updates **EVERY NINETY (90) DAYS** until otherwise ordered.

4.      The Clerk of Court is directed to place a stay flag on this action and terminate any pending deadlines or motions.

5.      Plaintiff's and Non-Party, Sticky Holsters, Inc.'s Joint Motion to Quash or Limit Subpoena Served by Shepax (Doc. 33) is **DENIED without prejudice**.

6.      Shepax, Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Doc. 33-3) is **QUASHED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record